ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **SAINT MARY INVESTMENTS, LLC.**<br><br>Apelante<br><br>v.<br><br>**WILFREDO DENTON MORALES y otros**<br><br>Apelado | KLAN202401000 | ***CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de **Caguas**<br><br>Civil Núm.: **CG2024CV01986**<br><br>Sobre: Daños y otros |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

Cintrón Cintrón, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 28 de enero de 2025.

Comparece ante este Tribunal de Apelaciones, Saint Mary Investments, LLC (Saint Mary o apelante) y solicita que revoquemos la *Sentencia* emitida el 4 de octubre de 2024, por el Tribunal de Primera Instancia (TPI), Sala Superior de Caguas. Mediante la misma, el foro primario declaró Ha Lugar la solicitud de desestimación bajo la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V. R. 10.2, presentada por el señor Wilfredo Denton Morales, la señora Luz Dary Zayas Ortiz y la Sociedad Legal de Gananciales compuesta por ambos (apelados).

Por los fundamentos que expondremos a continuación, se confirma la *Sentencia* apelada.

## I.

Según surge del expediente, el 3 de junio de 2024, Saint Mary incoó una *Demanda* en contra de los apelados por incumplimiento de contrato. En la demanda, alegó que las partes suscribieron un *Contrato de Opción de Compraventa* el 12 de abril de 2021, sobre dos

Número Identificador
SEN2025 _____

inmuebles ubicados en Cidra, Puerto Rico. Enfatizó que como parte del negocio entre las partes, se pactó que Saint Mary tendría derecho a optar por la compra de las propiedades en un término de un año. Añadió que la opción no había sido consumada, ante representaciones hechas por los optantes, aquí apelados, a los efectos de que algunos de los elementos registrales de tracto debían subsanarse. Por tal razón, detalló que se otorgaron extensiones al contrato con el fin de permitir que los apelados completaran los trámites necesarios para la compraventa, de manera que el vínculo contractual continuara en vigor. Señaló que, desde el 12 de abril de 2021 hasta la fecha de inicio del pleito, habían preservado su derecho a optar por la compraventa. Sostuvo que había realizado mejoras a la propiedad ascendientes a $200,000.00 y que a la fecha correspondiente al cierre de la compraventa, 21 de mayo de 2024, los apelados le informaron que no otorgarían el instrumento público y que no se consumaría el negocio pactado. Por lo anterior, solicitó el cumplimiento específico de las obligaciones pactadas en el referido contrato; los daños estimados en no menos de $2,000,000.00; la suma correspondiente a las mejoras; y los honorarios de abogados por la cantidad de $75,000.00.

El 21 de junio de 2024, Saint Mary presentó una *Solicitud de Remedio Provisional*. Señaló que pagó la cantidad de $50,000.00 para la opción de los dos inmuebles en controversia y reiteró que las partes habían otorgado extensiones al vínculo contractual para permitir que se subsanaran elementos que harían posible el traspaso de la titularidad. Asimismo, destacó que los términos de la opción de compra habían sido extendidos mediante acuerdo, y que advino en conocimiento que los apelados pretendían traspasar los dos inmuebles a otro comprador. En consecuencia, solicitó al TPI que se emitiera una orden de prohibición de enajenar, sin necesidad de vista, notificación y fianza, en cuanto a los dos inmuebles que fueron

objeto del contrato de opción de compraventa suscrito entre las partes. Ello, para procurar el perfeccionamiento del referido contrato suscrito ante una persona autorizada para administrar juramentos.

El 26 de junio de 2024, el foro primario emitió una *Orden*, mediante la cual declaró Ha Lugar la solicitud de remedio provisional presentada por Saint Mary y ordenó al Registrador de la Propiedad a que realizara la correspondiente anotación de prohibición de enajenar sobre los dos inmuebles objetos de la controversia.

Mas adelante, el 20 de agosto de 2024, los apelados presentaron una *Moción en solicitud de desestimación bajo la Regla 10.2 o exposición más definida bajo la Regla 10.4*. Allí, arguyeron que Saint Mary dejó de exponer una reclamación que justificara la concesión de un remedio, toda vez que el contrato de opción de compraventa había caducado al haber transcurrido el término de un año de vigencia, el 12 de abril de 2022, y la prórroga de sesenta días adicionales el 11 de junio de 2022. Alegaron que el contrato venció dos años antes de presentada la causa de acción expuesta en la demanda. Además, solicitaron como remedio alternativo que, a tenor con la Regla 10.4 de Procedimiento Civil, el TPI le requiriera a Saint Mary que realizara una exposición más definida de las alegaciones 9, 11 y 12 de la *Demanda*. Lo anterior, pues Saint Mary no proveyó la fecha en la cual alegadamente las partes pactaron acuerdo alguno que mantuviera el contrato vigente a la fecha de la presentación de la demanda, como alegaron en la *Demanda*.

El 3 de septiembre de 2024, Saint Mary presentó una *Oposición a "Moción en Solicitud de Desestimación bajo la Regla 10.2 o Exposición mas definida bajo la Regla 10.4*. En síntesis, expuso que el foro primario debía tomar como ciertas las aseveraciones incluidas en la *Demanda* y concluir que las partes habían pactado una extensión al contrato, según surge del documento suscrito ante notario, el cual fue presentado como prueba, intitulado *Addendum*

*al contrato de opción de compra (Enmienda para la extensión del término pactado y para atender ciertos extremos sobre cargas y gravámenes vinculados al inmueble).* Enfatizó nuevamente que la compraventa no se había consumado ante las representaciones de los apelados en cuanto a los defectos registrales a subsanarse. Además, solicitó al Tribunal que descartara la solicitud de desestimación presentada por los apelados, ya que para abril y mayo del año 2024, las partes habían acordado fechas para el otorgamiento de la escritura pública de compraventa, por lo que su solicitud no tenía mérito alguno. Respecto al requerimiento de los apelados de una exposición mas definida, Saint Mary señaló que no se cumplían los elementos requeridos por la Regla 10.4 de Procedimiento Civil, toda vez que la *Demanda* no era ambigua o vaga.

El 4 de septiembre de 2024, el TPI emitió una *Orden* en la que informó que el asunto se daba por sometido, y que el Tribunal dispondría del mismo. Además, estableció que no se aceptarían dúplicas ni réplicas a los escritos ya sometidos, salvo con autorización judicial.

Así las cosas, el 4 de octubre de 2024, el foro primario pronunció la *Sentencia* apelada y concluyó que las partes habían otorgado el contrato de opción de compraventa el 12 de abril de 2021, y que la opción tenía la vigencia del plazo de 1 año. Sin embargo, que este podía ser prorrogable por el término de 60 días adicionales, siempre que se solicitara por escrito y dentro del año de vigencia de la opción, entiéndase, en o antes de 11 de junio de 2022. El TPI añadió que no surge de la *Demanda* ni del escrito en oposición a la desestimación, evidencia que sustente la alegación de que el contrato de opción hubiese sido extendido dentro del plazo concedido y por escrito, por lo que el aludido contrato venció sin que el optante hubiese ejercido su derecho. De acuerdo a lo anterior,

declaró Ha Lugar la solicitud de desestimación presentada por los apelados y desestimó con perjuicio la *Demanda*.

En desacuerdo con la determinación del foro primario, Saint Mary comparece ante nos y alega que el TPI cometió los siguientes errores:

> Erró el Tribunal de Primera Instancia al no tomar como ciertos los hechos alegados en la demanda y al no interpretarlos de la forma más liberal y favorable a la apelante.

> Erró el Tribunal de Primera Instancia al conceder el remedio de la desestimación aun cuando este no procede si la demanda puede ser enmendada.

El 3 de diciembre de 2024, los apelados presentaron *Oposición a Apelación*. Con el beneficio de la comparecencia de todas las partes, estamos en posición de resolver.

**II.**

**A.**

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, es uno de los vehículos procesales disponibles para que una parte solicite la desestimación de una demanda. Entre las defensas a formularse se encuentran la falta de jurisdicción sobre la materia y el dejar de exponer una reclamación que justifique la concesión de un remedio.

Así, al enfrentarse a una moción de desestimación de esta naturaleza, el juzgador debe dar por buenas y ciertas todas las alegaciones fácticas delineadas en la demanda y considerarlas del modo más favorable a la parte demandante. *Rivera Sanfeliz et al. v. Jta. Dir. First Bank*, 193 DPR 38 (2015); *Colón Rivera et al. v. ELA*, 189 DPR 1033 (2013). No obstante, para que ello ocurra, los hechos deben ser aseverados de forma adecuada, así como también, expresados clara y concluyentemente y que de su faz no den margen a dudas. *Colón v. Lotería*, 167 DPR 625, 649 (2006).

Ahora bien, el promovente de la solicitud de desestimación prevalecerá si le demuestra al TPI que -aun dando por ciertos los hechos correctamente alegados- la demanda instada no expone una reclamación que justifique la concesión de un remedio. *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497, 505 (1994).

Se desprende de lo antepuesto que, el juez o la jueza, al evaluar una solicitud de desestimación por el fundamento de que la demanda no expone una reclamación que justifique la concesión de un remedio, está obligado/a tomar como ciertos todos los hechos bien alegados en la demanda y considerarlos de la manera más favorable a la parte demandante. *Rivera Sanfeliz, et al. v. Jta. Dir. First Bank*, supra; *Colón v. Lotería*, supra. Así, solo cuando el TPI efectúe dicho examen y esté convencido de que la parte demandante no tiene derecho a remedio alguno bajo cualesquiera hechos que pueda probar, es que procederá desestimar la demanda. *Colón Rivera et al. v. ELA*, supra, a la pág. 1049; *El Día, Inc. v. Mun. de Guaynabo*, 187 DPR 811, 821 (2013)*; Pressure Vessels P.R. v. Empire Gas P.R.*, supra.

La demanda no deberá ser desestimada a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación. *Consejo de Titulares v. Gómez Estremera et al*, 184 DPR 407, 423 (2012); *Pressure Vessels P.R. v. Empire Gas P.R.*, supra. Entonces, es necesario considerar si, a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de este, la demanda es suficiente para constituir una reclamación válida. *Íd.*

Por otro lado, y concerniente a la controversia ante nuestra consideración, la Regla 10.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.4, regula la moción para solicitar una exposición más definida. En específico, dispone lo siguiente:

Si una alegación contra la cual se permita una alegación responsiva es tan vaga o ambigua que no sería razonable exigirle a una parte que formule una alegación responsiva, dicha parte podrá solicitar una exposición más definida antes de presentar su alegación responsiva. La moción deberá estar debidamente fundamentada y señalará los defectos de la alegación y las especificaciones interesadas. **Si el tribunal declara "con lugar" la moción y no se cumple la orden dentro de diez (10) días de notificada, o dentro de cualquier otro plazo que fije el tribunal, éste podrá eliminar la alegación contra la cual iba dirigida la moción o resolver lo que en justicia proceda**.

(Énfasis nuestro).

## B.

El Código Civil de Puerto Rico de 2020, regula el contrato de opción de compra en el Artículo 1029. A tales efecto, el artículo dispone que:

La opción de compra es el derecho que faculta a su titular para que decida durante un plazo determinado, mediante la manifestación de su aceptación, el perfeccionamiento del contrato de compraventa que ha sido ya acordado en todos sus aspectos fundamentales y secundarios y a cuyo cumplimiento se mantiene comprometido el concedente durante el plazo prefijado.

El contrato o pacto de opción de compraventa se trata de un contrato que ha sido definido por la jurisprudencia como, "un contrato consensual, mediante el cual una parte (promitente) le concede a otra (optante) el derecho exclusivo a decidir de manera unilateral si comprará determinado bien inmueble que le pertenece al promitente. El referido contrato otorga al optante la facultad de determinar, dentro del plazo concedido, si perfecciona el contrato definitivo, es decir, el contrato por el cual optó. *Matos Lorenzo v. Rivera Tirado*, 181 DPR 835, 841 (2011). Esta facultad tendrá que ejercitarse dentro de un periodo de tiempo definido por las partes, y tanto el promitente como el optante se beneficiarán del negocio". *SLG Irizarry v. SLG García*, 155 DPR 713, 722 (2001).

Esencialmente, el contrato de opción de compra es un contrato preparatorio dirigido al eventual otorgamiento de un contrato de compra y venta. El mismo se distingue por los siguientes

elementos esenciales: (1) se concede al optante la facultad de decidir unilateralmente si celebrará el contrato principal (de compraventa) sin obligación por parte de éste; (2) dicha concesión tiene carácter de exclusividad; (3) se establece un plazo para ejercitar la opción, y (4) no existe otra condición que no sea la voluntad del optante. *Íd.*, a la pág. 722. No obstante, a pesar de que el contrato de opción se trata de un contrato consensual, la opción de compra es un contrato unilateral, debido a que el optante no está obligado a comprar, contrario al caso del promitente que sí está obligado a venderle al primero, si aquel lo decide. *Íd.*

El contrato de promesa bilateral tiene la ventaja de lograr la vinculación inmediata de las partes cuando por alguna razón no puede otorgarse una compraventa completa y definitiva y que, mediante la vinculación inmediata, las partes logran la garantía o seguridad de que el contrato definitivo o completo se celebrará o concluirá más tarde. *Rossy v. Tribunal Superior*, 80 DPR 729, 742 (1958).

Como norma general, el optante puede ejercer su derecho de opción simplemente notificando al optatario su voluntad de perfeccionar el convenio por el cual optó. *Mayagüez Hilton Corp. v. Betancourt*, supra, pág. 246. Véase, además, Puig Brutau, op. cit., pág. 57. No obstante, dicho derecho queda extinguido con su renuncia o si transcurre el plazo concedido sin que el optante ejerza la opción se estima entonces caducado. *Mayagüez Hilton Corp. v. Betancourt*, supra, pág. 249. Se entiende por términos claros aquellos que por sí mismos son bastante lúcidos para ser entendidos en un único sentido, sin dar lugar a dudas o controversias, y sin necesitar para su comprensión, de razonamientos o demostraciones susceptibles a impugnación. *Sucn. Ramírez v. Tribunal Superior*, 81 DPR 357, 361 (1959).

El Tribunal Supremo ha reconocido que las normas generales

sobre las obligaciones y los contratos son aplicables al contrato de opción. *Matos Lorenzo v. Rivera Tirado*, supra, 842-843; *Rosa Valentín v. Vázquez Lozada*, supra, pág. 804; *Pérez v. Sampedro*, 86 DPR 526, 529 (1962). De igual manera, el Código Civil establece que cuando los términos de un contrato son claros y no dejan lugar a dudas sobre la intención de los contratantes, no debe recurrirse a reglas de interpretación para determinar la intención de los contratantes. Artículo 1233 del Código Civil, 31 LPRA sec. 3471; *Rivera Rodríguez v. Rivera Reyes*, 168 DPR 193, 212 (2006); *Trinidad v. Chade, supra*, pág. 289. Los tribunales tienen la facultad y el deber de velar por el cumplimiento de los contratos. Por lo tanto, no debemos relevar a una parte del cumplimiento de su obligación contractual, cuando el contrato sea legal, válido y no contenga vicio alguno. *Mercado, Quilichini v. UCPR*, 143 DPR 610, 627 (1997).

## III.

En sus señalamientos de error, Saint Mary argumenta, en esencia, que erró el TPI al no tomar como ciertos los hechos alegados en la demanda y al no interpretarlos de la forma más liberal y a su favor. Arguye que el foro de instancia se apartó de las obligaciones que establece la Regla 10.2 de Procedimiento Civil para considerar la desestimación de una demanda. Además, alega que erró al conceder el remedio de la desestimación, aun cuando no procedía si la demanda podía ser enmendada. Particularmente destaca que la *Sentencia* apelada es contraria a derecho, toda vez que no se tomaron en cuenta los hechos alegados en la *Demanda* sobre la razón por la cual fue extendido el contrato de compraventa suscrito entre las partes. Reitera que la opción no fue consumada ante las representaciones hechas por los apelados a los efectos de que algunos elementos registrales en cuanto al tracto debían ser subsanados, así como otros extremos relacionados con la emisión del relevo que le correspondía al Departamento de Hacienda

expedirlo. Enfatiza que la razón no fue que no había formulado su voluntad para concretar el negocio jurídico, sino que los apelados debían subsanar los elementos registrales antes de otorgar el instrumento público correspondiente.

Señala que a pesar de lo anterior, el foro de instancia no tomó como cierto el hecho de que las partes habían otorgado las aludidas extensiones, sino que concluyó que el contrato venció sin que se hubiese ejercido el derecho a la opción de compraventa. Finalmente, expresó que el TPI debió determinar, en lugar de ordenar la desestimación, que Saint Mary podía enmendar la demanda a los fines de conferir mayor precisión a sus alegaciones en apoyo de su reclamación.

Por su parte, los apelados alegaron que se desprende del *Contrato de Opción de Compraventa* que el término de la opción tendría vigencia de un año y que el mismo podía prorrogarse por 60 días adicionales, hasta el 11 de junio de 2022. Recalcaron que el término de los contratos de opción son de caducidad, y que Saint Mary no proveyó fecha certera adicional en la cual ocurrió la prórroga, más allá del término adicional de los 60 días al cual se refiere el propio contrato. Solicitaron, en la alternativa, que se le ordenara a Saint Mary una exposición más definida para permitirle incluir como parte de sus alegaciones el *Addendum* y poder, detalladamente, solicitar la caducidad por la nulidad de dicho documento para los propósitos que habría de pretender. Además, aducen que en la *Oposición a moción en solicitud de desestimación bajo la Regla 10.2 o exposición más definida bajo la Regla 10.4* presentada por Saint Mary, estos argumentaron que no procedía la desestimación por (1) alegar que hubo extensiones al contrato, aunque no indicara fechas de las mismas; (2) que alegó que preservó el derecho a ejercer la opción hasta la fecha de la *Demanda*; (3) porque en otro documento que incluyó como en otra moción,

constituía una extensión al *Contrato de Opción de Compraventa* original a pesar de tener fecha de sobre un año luego de vencido el plazo original el 11 de junio de 2022 y, ser nulo por estar incompleto por falta de la firma de uno de los otorgantes del *Contrato de Opción de Compraventa* original. Veamos.

Según surge del expediente ante nuestra consideración, el 20 de agosto de 2024, los apelados presentaron una *Moción en solicitud de desestimación bajo la Regla 10.2 o exposición más definida bajo la Regla 10.4* en la cual alegaron que Saint Mary dejó de exponer una reclamación que justificara la concesión de un remedio, toda vez que el contrato de opción de compraventa había caducado al haber transcurrido el término de un año de vigencia, y la prórroga de sesenta días. Asimismo, alegaron que el contrato venció dos años antes de presentada la causa de acción expuesta en la demanda y solicitaron como remedio alternativo que, a tenor con la Regla 10.4 de Procedimiento Civil, el TPI le requiriera a Saint Mary que realizara una exposición más definida de las alegaciones #9, #11 y #12 de la *Demanda*. Ello, ya que Saint Mary no proveyó la fecha en la cual las partes pactaron acuerdo alguno que mantuviera el contrato vigente a la fecha de la presentación de la demanda.

Así las cosas, el 20 de agosto de 2024, notificada el 23 de agosto de 2024, el TPI emitió una *Orden* a los efectos de proveer un término de diez días a Saint Mary para que expusiera su posición en relación a la moción presentada por los apelados el 20 de agosto de 2024.

El 3 de septiembre de 2024, Saint Mary presentó su *Oposición a "Moción en Solicitud de Desestimación bajo la Regla 10.2 o Exposición Más Definida bajo la Regla 10.4"*, en la cual solicitó al foro primario que tomara como ciertas las aseveraciones de la *Demanda* y las interpretara a su favor. En cuanto a la exposición más definida, Saint Mary expuso que consideraban que los elementos requeridos

por la Regla 10.4 de Procedimiento Civil no estaban presentes y que no correspondía realizarla. El día después, el TPI pronunció una nueva *Orden,* dando por sometido el asunto e informando que no se aceptarían dúplicas ni réplicas a los escritos ya sometidos, salvo con autorización judicial.

Luego de evaluar las posturas de ambas partes, el foro primario emitió la *Sentencia* que hoy revisamos. La determinación final del Tribunal fue la siguiente:

> En el caso de epígrafe, las partes otorgaron el contrato de opción de compraventa el 12 de abril de 2021. Del mismo surge que la opción tendría vigencia por el plazo de un año. Sin [embargo], podría ser prorrogable por el término de 60 días adicionales **siempre que se solicitara por escrito y dentro de año de vigencia de la opción**, entiéndase, en o antes de 11 de junio de 2022. De la Demanda ni del escrito en oposición a la desestimación, surge evidencia que sustente la alegación de que el contrato de opción hubiese sido extendido dentro del plazo concedido y **por escrito**. Por lo que, el Tribunal concluye que el contrato de opción de compraventa venció sin que el optante (parte demandante) hubiese ejercido su derecho.

> En vista de lo anterior, se declara HA LUGAR la solicitud [de] desestimación sometida por la parte demandada y se dicta sentencia desestimando con perjuicio la presente reclamación.

> (Énfasis suplido).

Es evidente que Saint Mary no cumplió con lo ordenado por el foro primario a los efectos de presentar una exposición más definida, según solicitado por los apelados y aprobada por el TPI, en la moción presentada el 20 de agosto de 2024. Aun si se tomara la *Oposición a "Moción en Solicitud de Desestimación bajo la Regla 10.2 o Exposición Más Definida bajo la Regla 10.4",* como la exposición más definida bajo la Regla 10.4 de Procedimiento Civil*, supra,* ésta no fue presentada dentro del término concedido por el foro primario. Además, de la oposición surge que la posición de Saint Mary respecto a la Regla 10.4 de Procedimiento Civil*, supra,* es que no se cumplían los requisitos para ello, ya que la *Demanda* no era ambigua o vaga y que no existía impedimento alguno para que los apelados

formularan una alegación responsiva. Por lo tanto, no le asiste la razón a Saint Mary.

En fin, examinado el expediente y las comparecencias de las partes, concluimos que el foro primario actuó correctamente al determinar que el *Contrato de Opción de Compraventa* caducó al pasar el año de la opción y el término de sesenta días pactado en el referido contrato. Así pues, al no existir prueba alguna admisible para probar que en efecto hubo una extensión a los términos de la opción suscrita por las partes dentro del término provisto por el contrato, la causa de acción de Saint Mary se extinguió. Además, al Saint Mary no cumplir con lo solicitado por el TPI en conformidad con la Regla 10.4 de Procedimiento Civil, supra, concluimos que no le asiste la razón. En virtud de lo anterior, resolvemos que no incidió el TPI al declarar con lugar la solicitud de desestimación presentada por los apelados y, en consecuencia, desestimar con perjuicio la demanda presentada por Saint Mary.

En ausencia de pasión, prejuicio o parcialidad, coincidimos con lo pronunciado por el Tribunal de Primera Instancia en su determinación. Procede confirmar la *Sentencia* apelada.

**IV.**

Se confirma, aunque por otros fundamentos, la *Sentencia* dictada por el TPI el 4 de octubre de 2024.

Lo acordó el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones